# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SULLIVAN, | ) | |
| | ) | |
| Petitioner, | ) | No. 09 C 6961 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| ANTHONY RAMOS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Michael Sullivan, seeks a writ of *habeas corpus* against Stateville Correctional Center Warden, Anthony Ramos, pursuant to 28 U.S.C. § 2254. Presently before the Court are Petitioner's motion to stay and hold in abeyance the petition for writ of *habeas corpus* and Respondent's motion to dismiss. For the reasons stated below, the Petitioner's motion to stay and hold in abeyance the petition for writ of *habeas corpus* is denied and Respondent's motion to dismiss is granted.

## Background

On May 3, 1995, following a jury trial in the Circuit Court of Cook County, Illinois, Petitioner was convicted of two counts of first degree murder and five counts of attempted murder. On June 20, 1995, the trial court sentenced Petitioner to natural life imprisonment for the two murder convictions and concurrent terms of thirty years' imprisonment for each of the attempted murder convictions, to be served consecutively to the natural life terms.

Petitioner appealed his conviction and sentence to the Illinois Appellate Court, First District; and on December 27, 1996, the state appellate court affirmed. Petitioner filed a *pro se*

petition for leave to appeal ("PLA") in the Illinois Supreme Court. On June 4, 1997, the Illinois Supreme Court denied Petitioner's PLA.

On September 26, 2006, Petitioner filed, in the state trial court, a *pro se* petition for post-conviction relief. The post-conviction petition alleged that:

- a. he could produce newly discovered evidence in the form of a recantation affidavit from Latrice Cooper (dated in 2003) and a signed, but not notarized, statement from Jonathon Foster (dated in 2005), two state witnesses who had identified petitioner as the shooter, supported his claim of actual innocence;

- b. there was lack of probable cause to arrest petitioner;

- c. petitioner's subsequent statement should have been suppressed as the fruit of the unlawful arrest;

- d. the state knowingly used Cooper's and Foster's allegedly perjured testimony;

- e. the State failed to prove Sullivan guilty beyond a reasonable doubt;

- f. the state withheld, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), police reports and statements from Diane Dixon and Torreous Keefer indicating that rival gang members were the shooters who killed the victims;

- g. trial counsel was ineffective for:
    - (1) failing to properly challenge Petitioner's arrest and admission of his inculpatory statement;
    - (2) failing to interview witnesses prior to the motion to quash arrest;
    - (3) stipulating that Petitioner had received his *Miranda* rights at the police station;
    - (4) failing to suppress Foster's identification of Petitioner;
    - (5) pursuing an unreasonable self-defense theory and coercing Petitioner to testify;
    - (6) failing to file a motion to quash arrest and suppress evidence based upon Foster's and Cooper's allegedly false statements; and
    - (7) failing to subpoena Dixon and Keefer; and

- h. appellate counsel was ineffective for failing to raise the following issues on direct appeal:
    - (1) trial counsel's ineffectiveness;
    - (2) Petitioner's illegal arrest based on the lack of probable cause;
    - (3) the violation of Petitioner's privilege against self-incrimination;
    - (4) the trial court's admission of Petitioner's inculpatory statement;

2

      (5)    the state's knowing use of perjured testimony;
      (6)    the state's failure to prove Petitioner's guilt beyond a reasonable doubt; and
      (7)    the trial court's refusal to instruct the jury on the elements of self-defense and second-degree murder.

On December 8, 2006, the state trial court dismissed Petitioner's post-conviction petition as frivolous and patently without merit. Petitioner appealed and the Office of the State Appellate Defender ("OSAD") was appointed to represent him on appeal. The OSAD filed a motion for leave to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), arguing that an appeal in Petitioner's cause would be without arguable merit. On June 17, 2008, the Illinois Appellate Court allowed OSAD to withdraw, found no issues of arguable merit on appeal, and affirmed the dismissal of Petitioner's post-conviction petition. Petitioner filed a PLA in the Illinois Supreme Court, which the court denied on November 26, 2008.

The instant petition for a writ of *habeas corpus* was filed by Petitioner in this Court on November 3, 2009, raising six claims:

a.    Petitioner was denied due process when the trial court erroneously dismissed his post-conviction petition because his petition stated the gist of a meritorious claim regarding false testimony and recantation evidence;

b.    Petitioner was denied due process when the post-conviction trial court failed to consider a signed, but not notarized, statement from Jonathon Foster;

c.    Petitioner was denied due process when the state appellate court in his post-conviction appeal erroneously denied his motion to supplement the appellate record;

d.    Petitioner was denied due process when the state post-conviction courts overlooked newly discovered evidence in the form of Foster's statement supporting Petitioner's challenge to the probable cause finding;

e.    appellate counsel on direct appeal was ineffective for failing to raise the following issues:
      (1)    Foster, Latrice Cooper, and Eddie Cooper gave perjured testimony, and

3

          (2)    the evidence was insufficient to sustain Petitioner's conviction; and

    f.    the post-conviction trial court erroneously dismissed Petitioner's post-conviction petition because it stated the gist of an actual innocence claim.

Petitioner also filed a motion to stay these federal proceedings, attaching two affidavits that were not presented to the state court but that Petitioner believes demonstrate that he is actually innocent. Petitioner seeks leave to amend his habeas petition to include these claims and a stay so that he may exhaust these claims in state court. Petitioner also seeks a stay in light of a pending appeal of the Chicago Police Department's denial of Petitioner's Freedom of Information Act (FOIA) claim. Petitioner contends that the information sought by the Chicago Police Department (CPD) will reveal prosecutorial misconduct and violations of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959).

Respondent argues that the motion to stay should be denied because Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A); his alleged "new evidence" does not trigger the application of § 2244(d)(1)(D); and his appeal of his FOIA suit has concluded.

## Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in pertinent part, that:

> (1) A 1-year period of limitations shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A),(D). However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final on September 2, 1997, 90 days after the Illinois Supreme Court denied Petitioner's PLA, when Petitioner's time to file a petition for writ of *certiorari* in the United States Supreme Court expired. 28 U.S.C. § 2244(d)(1)(A). Therefore, Petitioner's federal *habeas petition* was due on or before September 2, 1998.

However, under Section 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for post-conviction relief. 28 U.S.C. § 2244(d)(2); *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002). Petitioner filed his state post-conviction petition on September 26, 2006, eight years after the limitations period had already run. Thus, the limitations period on Petitioner's federal habeas petition had long expired. *See Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007) (state post-conviction petition filed well after limitations period under Section 2244(d)(1)(A) had expired did not render federal habeas petition timely); *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005) ("The state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of the federal proceeding.").

Petitioner argues that the Court should not dismiss his petition because his petition is timely pursuant to Section 2244(d)(1)(D) in light of newly discovered evidence.

Petitioner argues that an April 21, 2008 letter he received in response to a complaint with the Attorney Registration and Disciplinary Commission ("ARDC"), constitutes a new factual

predicate of a claim because the letter constitutes an admission by the state that the eyewitnesses who testified against Petitioner recanted their previous testimony that implicated Petitioner. The April 21, 2008 letter is a response by Attorney David Studenorth to the Senior Counsel of the ARDC regarding a complaint by Petitioner. The letter states, in relevant part, "The eyewitness recantations were not prepared until DeAngelo Anderson's retrial, which took place several years after Michael Sullivan was tried and convicted. The recantations were prepared by the Public Defender's Office. We could not tender Michael Sullivan something that didn't exist at the time of his trial."

However, according to Petitioner, this letter was the first proof that the recantation of testimony actually existed. Contrary to Petitioner's argument, he was aware in June 1998 that witnesses recanted their previous testimony in his co-defendant's second trial. In his 2006 state-court post-conviction petition, Petitioner stated that "in 1998 I found out that my co-defendant was found not guilty and that Latrice Cooper, Eddie Cooper, and Jonathan Foster all recanted their testimony." In his affidavit attached to his state-court post-conviction petition, Petitioner again stated that he learned in June 1998 that witnesses recanted their testimony that had incriminated him during his trial that led to the conviction. Thus, Petitioner knew the factual predicate of his claim based on the recanted testimony, by his own admission, in June 1998. The additional "proof" of the recanted testimony does not constitute a new "factual predicate" to start the limitations period. The statute of limitations period runs from the time that a petitioner could have discovered, through the exercise of due diligence, the facts giving rise to his claim, not when the petitioner actually obtains evidence supporting the claim. *See* 28 U.S.C. § 2244(d)(1)(D); *Escamilla*, 426 F.3d at 871.

Plaintiff also relies on Latrice Cooper's 2003 affidavit, in which she avers that her statements to the police and her testimony at Petitioner's trial were false, as a new factual predicate. However, as discussed above, Petitioner knew in 1998 that Latrice Cooper changed her previous testimony. In addition, even assuming that the April 30, 2003 affidavit did constitute a new factual predicate, more than one year passed after April 30, 2003, and Petitioner's filing of his September 2006, state-court post-conviction petition. Thus, any tolling of the limitations period based on the affidavit was insufficient to render the present petition timely.

Petitioner next relies on Jonathan Foster's 2005 affidavit, in which he avers that his statements to the police and his testimony at Petitioner's trial were false. Like Latrice Cooper, Petitioner knew of Jonathan Foster's recanted testimony regarding his statements to the police and trial testimony in 1998.[1]

Based on the above, all of Petitioner's present claims are untimely.

In his motion to stay his habeas petition, Petitioner also seeks to amend his present petition to include claims based on two additional affidavits that he has received. He requests the stay so he can present the claims in state court based on the two affidavits. The first affidavit is an August 4, 2008, affidavit by Eddie Cooper, in which he avers that he witnessed the murders, that Petitioner did not commit the murders, and that he withheld this information because he feared reprisal by the Gangster Disciples. The second affidavit, dated April 5, 2009, is from

---

[1] It cannot be determined at this time whether Petitioner's claim based on Jonathan Foster's affidavit would be timely if the Court assumed the undated affidavit constituted a new factual predicate. The affidavit includes a preprinted "2005" date. However, Petitioner includes a letter from Foster, dated May 1, 2006, in which Foster apologizes for the delay in Petitioner receiving the affidavit and promises to send the affidavit "A.S.A.P." Thus, Petitioner did not receive the affidavit until after May 1, 2006. However, Petitioner does not state when he received the affidavit. Because the dates are unknown, a determination of timeliness cannot be made. Regardless, as discussed above, Petitioner knew of Foster's recanted testimony in 1998.

Darcell Prince, who avers that his fellow gang members, and not Petitioner, committed the shootings. In his response to the motion to dismiss, Petitioner argues that these two affidavits "go to the heart" of his actual innocence claim and are the factual predicate for his actual innocence claim.

"[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Evidence of actual innocence may allow the consideration of a habeas petitioner's procedurally defaulted claims, *Schlup v. Denlo*, 513 U.S. 298, 327 (1995); but it does not evade the statutory timeliness rules, *Escamilla*, 426 F.3d at 871-72. In other words, actual innocence without a newly discovered claim "does nothing at all." *Id.* at 872. Actual innocence is "unrelated to the statutory timeliness rules." *Id.* at 871.

Here, Petitioner's claim based on proposed newly-discovered predicate, the recent affidavits, is his actual innocence. As discussed above, actual innocence is not a constitutional claim. Thus, allowing Plaintiff to amend his petition to include a "claim" of actual innocence based on these affidavits would be futile because such allegations, by themselves, fail to state a claim for habeas relief.

Petitioner also asks the Court to stay the present proceedings until his most recent FOIA request is fully litigated. Petitioner does not dispute that he filed his first FOIA request, directed to the CPD, seeking all reports, investigation notes, interviews, and street files that were involved with his criminal case in January 2008. That FOIA request was granted in part and denied in part in February 2008. The CPD provided Petitioner a copy of his arrest report and a general case report with certain deleted information; all other reports were denied in their

entirety because of the ongoing criminal appeal. Once Petitioner's appeal was completed, Petition sought reconsideration of the denial of his remaining FOIA request. That request was denied because the homicide investigation was still open.

In December 2008, Petitioner again sought copies of eyewitness and occurrence witness statements from the CPD. That request was denied as unduly burdensome. In January 2009, Petitioner filed another FOIA request with the CPD, requesting the criminal history of five individuals. That request was denied because criminal histories are exempt from disclosure. In July 2009, Petitioner filed a "Freedom of Information Action Request Suit" in the Circuit Court of Cook County, renewing his request for documents. In August 2009, the Circuit Court denied Petitioner's request. Petitioner appealed but the appeal was dismissed. Petitioner's subsequent PLA was denied.

Petitioner now states that he recently filed a new FOIA request. In February 2010, that new request was denied after it was determined that it was a duplicate request for the same records that were either previously provided or were properly denied. Petitioner is seeking review of that denial with the Public Access Counselor.

Petitioner indicates that he is now seeking information about the bullet involved in the shooting. Plaintiff does not know what, if any, reports regarding the bullet exist and he hypothesizes that a report may indicate that the victim was shot with a bullet/gun other than the gun Petitioner allegedly used in the shooting. Thus, he may be able to prove he is actually innocent.

Petitioner's "pending" review of the denial of his most recent FOIA request does not constitute proper grounds to stay the present habeas petition. The present habeas petition does not include any claims that relate to the pending FOIA request. Nor could it, as Petitioner can

9

only hypothesize what he may argue depending on what the unknown documents may include. Not only has Petitioner not presented any of these hypothetical new claims to the state court, he indicates that the new documents may support his actual innocence claim. However, as discussed above, the present habeas petition is untimely, and any actual innocence claim, by itself, does not constitute a constitutional claim for which habeas relief may be granted.

Lastly, equitable tolling, if available, is not appropriate in this matter. The Seventh Circuit has not ruled whether equitable tolling is available in a habeas proceeding. *See Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008) ("We have not, however, ruled whether or not equitable tolling should be available at all in a § 2254 context."). Assuming that is it is available, the Petitioner must demonstrate that: (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way. *Williams*, 538 F.3d at 685. Petitioner did not diligently pursue his rights, waiting several years after he first learned of the recanted testimony before taking any state action and waiting several more years before taking any federal action.

Accordingly, because Petitioner's present habeas petition is untimely, the Court grants Respondent's motion to dismiss. The Court denies Petitioner's motion to stay and hold in abeyance the petition.

## Conclusion

For the reasons stated above, the Respondent's motion to dismiss [20] is granted. Petitioner's petition for *habeas corpus* is dismissed with prejudice. Petitioner's motion to stay and hold in abeyance [4] is denied. Petitioner's motion to reply [25] is denied as moot; Petitioner was already granted leave to file a reply brief and he timely filed his reply brief. Petitioner's motion asking permission to file a supplemental motion [26] is granted.

**SO ORDERED**                                                                      **ENTERED:**

April 26, 2010

_____
**HON. RONALD A. GUZMAN**
**U.S. District Court Judge**